[L. A. No. 3343. Department Two.—September 29, 1914.]

JACOB SMITH, Respondent, v. R. H. MURPHY, Appellant.

MECHANIC'S LIEN—PLEADING—TERMS OF PAYMENT FOR EXTRA WORK—AMENDMENT—REFUSAL OF CONTINUANCE OF TRIAL.—In an action to foreclose a mechanic's lien for extra labor and material used in the construction of a building, in which the original complaint alleged that no prices for the items of extra work and materials had been agreed upon, but that after the completion of the building the defendant agreed to pay the balance due on account thereof, the denial of a continuance of the trial, after the plaintiff had been permitted to amend his complaint by alleging an agreement of the defendant, after the completion of the extra work, to pay a specified sum therefor, was without prejudice to the defendant, where it appears, from the record, that all that the defendant's counsel expected to show to meet the changed form of the issue was that the defendant at the time he signed the agreement to pay the specified amount was in such a condition of ill health as not to know what he was doing.

ID.—CONSTRUCTION OF SPECIFICATIONS—ANTECEDENT CONVERSATIONS—IRRELEVANT EVIDENCE.—In such an action, antecedent conversations between the parties to the building contract concerning matters embodied in the specifications, are entirely irrelevant, saving in case of doubt over the construction of the specifications, to show what the parties actually intended.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. J. A. Allen, Judge presiding.

The facts are stated in the opinion of the court.

Milton K. Young, and W. D. Finch, for Appellant.

G. C. De Garmo, for Respondent.

THE COURT.—This action was brought to foreclose a mechanic's lien asserted to be due for extra labor and material used in the construction of defendant's residence. The whole of the original contract price had been paid. The contract provided that any additions or extras not mentioned in the contract should be added to the contract price. Defendant filed an answer and cross-complaint. After trial judgment

passed for plaintiff and from that judgment and from an order denying his motion for a new trial defendant appeals.

Plaintiff's original complaint, in setting forth the items of extra work and material and the values thereof, declared that no prices for these items had been agreed upon but that after completion of the building the defendant agreed to pay the balance due on account of this extra work and material. Shortly after the trial of the action began plaintiff sought and obtained leave of court to amend this averment by alleging that after the work was completed the defendant had agreed to pay a named and specified sum therefor. Appellant first complains of the injury inflicted upon him by the court in allowing this amendment, and in so doing denying a continuance of the action and a trial by jury. An inspection of the record shows that plaintiff's attorney was willing to accord any reasonable time to defendant to gather his evidence to meet the changed form of the issue, but it appears from the statement of defendant's attorney that all that he expected to show was that the defendant at the time he signed the statement agreeing to pay the specified amount was in such a condition of ill health as not to know what he was doing. It required no extension of time to produce this evidence since naturally it would be the evidence of Mr. Murphy himself. And, it may be added that plaintiff's attorney agreed in open court that if later in the case a continuance should become necessary for this purpose he would readily assent to it. The amendment did not entitle the defendant to a trial by jury.

Appellant argues that as to certain items the findings are not supported by the evidence. We need not particularize upon these matters, since it would carry this opinion through an entirely useless detailed consideration of numerous small items of labor and material and the value thereof. It is sufficient to say that the findings are supported in some instances and in others there are no specifications of insufficiency so as to justify our consideration of them.

Certain questions propounded by defendant's attorneys were objected to and the objections sustained. Thus, the following is asked of defendant Murphy: "Q. What was said by either yourself or Mr. Smith at the time of the signing of the specifications in reference to a hot water system for heating the building?" To this and similar questions objections were properly sustained. The specifications themselves, what-

ever they may have been (and they are not before this court) embodied and expressed the contract between the parties. Antecedent conversations were entirely irrelevant saving in case of doubt over the construction of those specifications to show what the parties actually intended, but no such situation is here presented.

The judgment and order appealed from are therefore affirmed.